

**U.S. Department of Justice**

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 20, 2005

Neil F. Faigel, Esq.
265 Broadway
Methuen, MA 01844

    Re: <u>Mohamed N. Jabak</u>

Dear Mr. Faigel:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Mohamed N. Jabak ("Jabak"), in connection with his scheme to defraud credit card companies and his bankruptcy creditors. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date but in no event later than July 29, 2005, Jabak shall waive indictment and plead guilty to an Information charging him with one count of mail fraud in violation of 18 U.S.C. §1341 and one count of bankruptcy fraud in violation of 18 U.S.C. §157. Jabak expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in those two counts of the Information, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

    Jabak faces the following maximum penalties: With respect to the mail fraud count, 30 years in prison, a $1,000,000 fine, five years of supervised release, a $100 special assessment and an order of restitution; with respect to the bankruptcy fraud charge, 5 years in prison, a $250,000 fine, three years of supervised release, a $100 special assessment and an order of restitution.

    Jabak may also be deportable and/or excludable by the United

States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Jabak is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a) The parties agree to take the positions that: 1) the mail fraud and bankruptcy fraud offenses should be grouped, pursuant to U.S.S.G. §3D1.2; 2) the applicable sentencing guideline is §2B1.1; 3) the base offense level is 6; 4) the number of victims is more than 10 but less than 50, for a 2 level increase, pursuant to §2B1.1(b)(2)(A); and 5) the bankruptcy fraud offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding, for a 2 level increase, pursuant to §2B1.1(b)(7)(B).

(b) The U.S. Attorney will take the position that the total loss or intended loss is more than $120,000, but less than $200,000, for a 10 level increase, pursuant to §2B1.1(b)(1)(F).

(c) Jabak will take the position that the total loss or intended loss is more than $70,000, but less than $120,000, for an 8 level increase, pursuant to §2B1.1(b)(1)(E).

The U.S. Attorney and Jabak agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Jabak will seek a departure on any ground from the Sentencing Guidelines.

Based on Jabak's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Jabak's Adjusted Offense Level under U.S.S.G. §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing Jabak:

    (a)  Fails to admit a complete factual basis for the plea;

    (b)  Fails to truthfully admit his conduct in the offenses of conviction;

    (c)  Falsely denies, or frivolously contests, relevant conduct for which Jabak is accountable under U.S.S.G. §1B1.3;

    (d)  Fails to provide truthful information about his financial status;

    (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Jabak is accountable under U.S.S.G. §1B1.3;

    (f)  Engages in acts which form a basis for finding that Jabak has obstructed or impeded the administration of justice under U.S.S.G. §3C1.1;

    (g)  Intentionally fails to appear in Court or violates any condition of release;

    (h)  Commits a crime;

    (i)  Transfers any asset protected under any provision of this Agreement; and/or

    (j)  Attempts to withdraw his guilty plea.

Jabak expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Jabak expressly understands that, in addition to declining

3

to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. §3C1.1 if Jabak obstructs justice after date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a) A sentence at the low end of the applicable sentencing guideline range calculated pursuant to paragraphs 3(a) and 3(b) above, but in no event less than 24 months;

    (b) A fine at the low end of the applicable sentencing guideline range;

    (c) Restitution to his victim creditors in the amount of approximately $145,000;

    (d) A $200 mandatory special assessment; and

    (e) Three years of supervised release.

Jabak will recommend a sentence below the applicable sentencing guideline range in reliance on the factors set forth in 18 U.S.C. §3553(a).

Jabak agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

In the event Jabak contends that there is a basis for departure from the otherwise applicable U.S. Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Jabak will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and his experts (including medical personnel of the Bureau of Prisons) to obtain access to Jabak's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Jabak will authorize his care providers to discuss his condition with the U.S. Attorney and his agents

(including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Jabak also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

In the event of an appeal from, or collateral challenge to, Jabak's sentence, the U.S. Attorney reserves his right to argue the correctness of Jabak's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Jabak agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Jabak establishes to the satisfaction of the Court that Jabak is financially unable to do so.

6. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Jabak agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Jabak has agreed to forfeit pursuant to this Agreement.

Jabak agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

   (1) Assets subject to superior, secured interests of innocent third parties, in which Jabak has an equity interest of less than $2,000;

   (2) Ordinary living expenses necessary to house, clothe, transport and feed Jabak and those to whom he owes a legal duty of support, so long as such assets do not exceed $1,000 per month; and

   (3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Jabak's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing is satisfied in full.

Jabak further agrees that, prior to sentencing, he will

5

truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

    7.    <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Jabak is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Jabak is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. §2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Jabak knowingly and voluntarily waives his right to appeal or collaterally challenge:

    (1)    Jabak's guilty plea and any other aspect of Jabak's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

    (2)    The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

Jabak's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

If Jabak files a notice of appeal, other than for the reasons set forth in the preceding two paragraphs, it will be deemed a breach of this agreement for purposes of paragraph 12 below.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. §3742(b), and the U.S. Attorney therefore retains his appeal rights.

    8.    <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Jabak faces under the

applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Jabak's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Jabak may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Jabak withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9.  Information For Presentence Report

Jabak agrees to provide all information requested by the U.S. Probation Office concerning his assets.

10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Jabak may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

11. Rejection of Plea By Court

Should Jabak's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Jabak, this Agreement shall be null and void at the option of the U.S. Attorney.

12. Breach of Agreement

If the U.S. Attorney determines that Jabak has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Jabak, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Jabak recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for

withdrawal of his guilty plea. Jabak understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Jabak before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Jabak hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Jabak, please have Jabak sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Mark J. Balthazard.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _/s/ Diane C. Freniere_
DIANE C. FRENIERE
Section Chief

MARK J. BALTHAZARD
Assistant U.S. Attorney

<u>ACKNOWLEDGMENT OF PLEA AGREEMENT</u>

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the

8

District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*/s/ Mohamed Jabak*
MOHAMED N. JABAK

Date: 7/7/05

    I certify that Mohamed N. Jabak has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*/s/ Neil F. Faigel*
NEIL F. FAIGEL, Esq.
Attorney for Mohamed N. Jabak

Date: 7/7/05