UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> V. <br><br> MOHAMED JABAK | CR. NO. 05-CR-10174-RWZ |

## DEFENDANT MOHAMMED JABAK'S OBJECTIONS TO PRESENTENCE REPORT

Now comes the defendant, Mohammed Jabak ("Jabak") and submits the following objections to the Pre – Sentence Report of Sean P. Buckley, U.S. Probation Officer:

**PART A. THE OFFENSE**

**Charges and Convictions**

**Paragraphs (1) – (6)** are a recitation of the procedural background of the case and the charges in the Information.

**PART A. OFFENSE CONDUCT**

**Paragraph (7)** no objection.
**Paragraph (8)** is substantially correct, except that the credit card advances and purchases attributable to Jabak and provide to the defense total approximately $82,773.43.
**Paragraph (9)** no objection.
**Paragraph (10)** no objection.
**Paragraph (11)** Objection, see paragraph 8, above. Further, the airline tickets were given as a gift, and an attempt to repay his cousin who had helped defray the cost of medical treatment incurred by Jabak's father. Additionally, the $10,000.00 loan to his friend in Michigan was used to help the friend defray the cost of a hazardous cleanup at his service station.
**Paragraph (12)** no objection.
**Paragraph (13)** no objection.
**Paragraph (14)** no objection.
**Paragraph (15)** is substantially correct. However, see paragraph 11, above.
**Paragraph (16)** is substantially correct. However, see paragraph 11, above.
**Paragraph (17)** is substantially correct. However, see paragraph 11, above.

**Paragraph (18)** Objection, the credit card advances and purchases attributable to Jabak and provide to the defense total approximately $82,773.43.
**Paragraph (19)** no objection.
**Paragraph (20)** no objection.

## PART A. OFFENSE LEVEL COMPUTATION

**Paragraph (21)** no objection.
**Paragraph (22)** no objection.
**Paragraph (23)** no objection.
**Paragraph (24)** no objection.
**Paragraph (25)** no objection.
**Paragraph (26)** no objection.
**Paragraph (27)** objection, the loss is $82,773.43 in credit card debt. The $8,000.00 in assets represented household goods, furnishings, wearing apparel and personal effects which, if listed in the Chapter 7, would have properly been claimed as exempt pursuant to 11 U.S.C. 522, et seq. Most of the $8,000.00 of personal property was neither owned by nor in the possession or control of Jabak at the time of the initial filing of the bankruptcy petition. Therefore, as Jabak did not own the assets at the time of filing, he would not have been able to claim the assets as exempt. Additionally, the Trustee can not liquidate assets which Jabak did not have ownership of at the time of filing. Pursuant to 2B1(b)(1) the base offense level should be increased by 8. See attached Exhibit A and Exhibit B.
**Paragraph (28)** no objection.
**Paragraph (29)** no objection.
**Paragraph (30)** no objection.
**Paragraph (31)** no objection.
**Paragraph (32)** no objection.
**Paragraph (33)** objection, adjusted offense level is 18.
**Paragraph (34)** no objection.
**Paragraph (35)** objection, total offense level is 15.


## PART B. THE DEFENDANT'S CRIMINAL HISTORY

**Paragraphs (36) – (41)** no objection.

## PART C. OFFENDER CHARACTERISTICS

**Paragraphs (42) – (82)** Paragraphs 42 – 82 are substantially correct. However, it should be noted that in the years 2001 and 2002 Jabak suffered medical conditions including minor surgery and a broken foot that impacted his earning capacity.

## PART D. SENTENCING OPTIONS

**Paragraph (83)** no objection.
**Paragraph (84)** no objection.
**Paragraph (85)** objection, Based upon a Total Offense Level of 15 and a Criminal History Category of 1, the guideline imprisonment range is 18 to 24 months.

**Paragraph (86)** no objection.

**Paragraphs (87) – (154)** are substantially correct, except that in light of the sentencing scheme set out in *Booker* and *Fanfan*, which makes the sentencing guidelines advisory rather that mandatory, the search for "factors" that may warrant a "departure" is inapposite to the correct calculus for determining the defendant's appropriate sentence. Rather, the sentence must be rendered by considering all the statutory concerns set forth in 18 U.S.C. 3553(a). A sentencing court need not technically "depart" to impose a sentence below the guideline range, but only impose a reasonable sentence that heeds all the statutory concerns of 18 U.S.C. 3553(a), including the advise of the Guidelines. The defendant will submit these factors in a sentencing memorandum at the time of the sentencing hearing.

        Respectfully submitted,
        Mohamed Jabak,
        By his attorney,


        /s/   Neil F. Faigel\_\_\_\_
        Neil F. Faigel
        BBO NO. 551688
        265 Broadway
        Methuen, MA 01844
        (978) 681 – 9600

Date: January 10, 2006

*Exhibit A*

INVESTIGATION OF MATTERS RE: MOHAMMED N. JABAK

| | Creditor | Account | Account Balance After Last Transaction | Amt. Due or Charge-Off |
|---|---|---|---|---|
| (1) | AMERICAN EXPRESS | 3730-737009-51003 | $0.00 | $0.00 |
| (2) | AMERICAN EXPRESS | 3713-854130-72006 | $34,589.11 | $34,589.99 |
| (3) | AMERICAN EXPRESS | 3712-835860-41009 | $1,122.68 | $1,520.11 |
| (4) | BEST BUY / GE CAPITAL | 6019-1700-2359-1438 | $5,600.87 | $6,613.97 CHARGE OFF |
| (5) | BLOOMINGDALE'S | 862-27-188 | $4,034.29 | $4,490.46 CHARGE OFF |
| (6) | CAPITAL ONE | 4121-7417-2131-6425 | $1,226.14 | $1,791.29 |
| (7) | CHASE | 4053-8723-8079-8096 | $6,962.56 | $8,402.72 CHARGE OFF |
| (8) | CIRCUIT CITY | 1523-0061-0003-8549 | $2,026.19 | $2,500.59 CHARGE OFF |
| (9) | CITIBANK (SD) | 5424 1804 9225 1522 | $4,561.21 | $5,051.65 |
| (10) | DIRECT MERCHANTS BANK | 5458-0045-5005-3720 | $3,878.09 | $4,964.31 |
| (11) | DISCOVER CARD | 6011-0058-9020-9045 | $4,541.34 | $5,658.61 CHARGE OFF |
| (12) | EXXON MOBIL | 5120 6800 2016 1512 | $3,642.88 | $4,243.39 CHARGE OFF |
| (13) | FILENE'S | 551-912-447 | $940.04 | $1,171.14 |
| (14) | FLEET | 4124-2600-0000-6471 | $2,585.75 | $3,290.82 CHARGE OFF |
| (15) | HIGHLAND LEASE c/o M & T BANK | 0024711 | $8,924.00 | $8,924.00 |
| (16) | HOUSEHOLD BANK (ORCHARD CARD) | 5440-4500-7097-3171 | $715.35 | $983.46 CHARGE OFF |
| (17) | HOUSEHOLD BANK (HB CARD) | 5408-0100-0600-4952 | $2,064.28 | $2,623.98 CHARGE OFF |
| (18) | HOUSEHOLD BANK (THE GM CARD) | 5499-4409-1367-0464 | $1,565.73 | $2,216.32 CHARGE OFF |
| (19) | JC PENNY | 330-033-283-4 | $1,078.45 | $1,218.77 CHARGE OFF |
| (20) | KAY JEWELERS | 3057764508 | $2,949.00 | $2,949.00 BK DISCHARGE |

| | Creditor | Account | Account Balance After Last Transaction | Amt. Due or Charge-Off |
|---|---|---|---|---|
| 21 | LONG'S JEWELERS | 54060553 | $4,672.50 | $4,885.94 CHARGE OFF |
| 22 | LORD & TAYLOR | 4731-484-47 | $819.64 | $1,021.10 |
| 23 | MACY'S | 41-028-423-460 | $267.70 | $434.65 CHARGE OFF |
| 24 | MBNA AMERICA | 749-81077-220 384 | $3,525.85 | $4,633.08 Charge Off |
| 25 | NEXTCARD | 4254-9700-1273-5410 | $2,098.51 | $2,887.96 CHARGE OFF |
| 26 | PROVIDIAN VISA | 4465-6826-0064-1935 | $696.54 | $1277.96 CHARGE OFF |
| 27 | PROVIDIAN | 5409-7907-0070-6635 | $525.00 | $857.43 CHARGE OFF |
| 28 | PVN | 5189-1310-0679-1748 | $1,460.00 | $1,460.00 CHARGE OFF |
| 29 | SEARS ROEBUCK | 1150118280165 | $944.38 | $1,400.71 CHARGE OFF |
| 30 | SHREVE CRUMP & LOWE | 6827254MJ | $4,981.94 | $5,131.00 CHARGEOFF |
| 31 | ZALES | 6035-2510-4199-1154 | $964.50 | $1,295.85 CHARGE OFF |
| | | | $113,964.52 | $128,490.26 |

# EXHIBIT B

This exhibit sets forth the actual amount charged on each of the credit cards outlined in Exhibit A (and provided by the government) during the months of April and May 2002. The amount actually charged by the defendant is *highlighted*. The numbers and creditor listed correspond specifically to those set forth in Exhibit A.

| | |
|---|---|
| 1. American Express - | 0 |
| 2. American express - | *$34,589.11* |
| 3. American Express - | *$1,122.68* |
| 4. Best Buy / GE | 0, no purchases in April / May 02. Account balance predates. |
| 5. Bloomingdales - | *$4,034.29* |
| 6. Capital One - | April / May 02 - *$513.07*, Previous balance $700.54 |
| 7. Chase - | *$6,962.56* |
| 8. Circuit City - | April / May 02 - *$1,446.94*, Previous balance $604.98 |
| 9. Citibank - | April / May 02 - *$1,778.75* |
| 10. Direct Merchants Bank - | *$3,878.09* |
| 11. Discover Card - | *$4,541.34* |
| 12. Exxon Mobil - | 0, no indication debt incurred in April / May 02 |
| 13. Filenes - | April / May 02 - *$559.39*, Previous balance - $414.49 |
| 14. Fleet - | April / May 02 – *$1,174.08*, Previous balance $1,321.98 |
| 15. Highland lease - | Lease of Jeep in 2001, repossessed in 2002 |
| 16. Household bank - (Orchard Card) | *$647.88* |
| 17. Household bank – (HB Card) | April / May 02 - *$19.28*, Previous balance $2,000 |
| 18. Household Bank – (GM Card) | April / May 02 - *$1,490*, Previous balance $72.50 |
| 19. JC Penny - | April / May 02 - *$544.63*, Previous balance $488.11 |
| 20. Kay Jewelers - | *$2,949.00* |
| 21. Long's Jewelers - | *$4,672.50* |
| 22. Lord & Taylor - | April / May 02 - *$622.65*, Previous balance $183.63 |
| 23. Macy's - | No purchases in April / may 02 |
| 24. MBNA America - | April / May 02 - *$2,850.00*, Previous balance $617.85 |
| 25. Nextcard - | *$1,479.21* |
| 26. Providan Visa - | *$696.54* |
| 27. Providan - | *$525.00* |
| 28. PVN - | 0, no indication as to when debt incurred. |
| 29. Sears and Roebuck - | 0, no indication as to when debt incurred. |
| 30. Shreve Crump & Lowe - | *$4,981.94* |
| 31. Zales - | *$694.50* |
| TOTAL: | $82,773.43 |